# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DAVID M. BERNARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:10-CV-02-NKL |
| | ) |
| DANIEL D. ENGARDIO, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Motion for New Trial [Doc. # 117] filed by Plaintiff David M. Bernard. For the following reasons, the Court denies the motion.

On February 8, 2011, a jury returned a verdict finding Plaintiff Bernard 100% at fault for the automobile accident for which he sued Defendant Daniel D. Engardio. On March 3, 2011, Plaintiff Bernard timely filed this motion, pursuant to Rule 59 of the Federal Rules of Civil Procedure.

A new trial may be granted on the grounds that the verdict is so against the weight of the evidence that a new trial is necessary to avoid a miscarriage of justice. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (citations omitted). To determine if the new trial should be granted, "the trial court can rely on its own reading of the evidence – it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *Harris v. Secretary, U.S. Dep't of the Army*, 119 F.3d 1313, 1318 (8th Cir. 1997) (quoting *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992)). In order to grant

a new trial based on trial court error, the Court must determine whether the alleged error was so prejudicial that retrial would likely produce a different result. *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1200 (8th Cir. 1990) (citations omitted).

> In his Motion for a New Trial, Plaintiff Bernard argues as follows:
>
> 2. The jury found plaintiff to be 100% at fault in causing the accident in which he was injured.
>
> 3. At trial, defendant testified as to how the accident occurred, stating that plaintiff's Jeep struck him at about a 45 degree angle, then turned 90 degrees, rolled up on the hood of his Mercury, and was carried a short distance before rolling off the hood and then travelled across the highway and overturning on the side of the road.
>
> 4. Defendant's testimony was inherently unbelievable and contrary to the testimony of all of the other witnesses.
>
> 5. Defendant's testimony was contrary to the physical facts as depicted in the photographic evidence.
>
> 6. Where documents or objective evidence may contradict a witness' story, or the story itself may be so internally inconsistent or implausible on its face that a reasonable fact-finder would not credit it, the court of appeals may well find clear error in a finding purportedly based on a credibility determination. *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985).

[Doc. # 117 at 1.] Plaintiff does not allege that any errors were committed at trial.

Plaintiff Bernard cites only one case, *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985). However, *Anderson* is quite distinguishable, as it interpreted Rule 52's "clearly erroneous" standard for review of findings of fact in a bench trial. *See* Fed. R. Civ. P. 52(a).

Even if the *Anderson* rule did apply to this jury trial, the Court finds no reason to conclude that Defendant Engardio's testimony was unbelievable. Clearly, the jury thought otherwise, as it unanimously returned a verdict finding the Plaintiff 100% at fault after viewing the same photographic evidence and hearing the same testimony. With no reason to believe that the verdict was against the weight of the evidence, the Court declines to overturn the jury's findings of fact.

Accordingly, it is hereby ORDERED that Plaintiff Bernard's Motion for a New Trial [Doc. # 117] is DENIED.

 s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  May 2, 2011
Jefferson City, Missouri